E. T. Bainbridge et al. vs. John R. Woodburn et al.

Mortgagor and Mortgagee : *Mortgaged property devised by will of mortgagor. What rights are affected by foreclosure of the mortgage.*

J. W. and J. R. W. purchased the lands of E. in 1853, took a deed, and executed a mortgage on the land to secure the purchase money. In 1858 J. W. died, devising by will his interest in the land to his sons, L. W. and J. R. W. The will expressly charged his interest in the land with his debts, and declares them to be a lien on it. L. W. died, and his interest was cast upon J. R. W., to whom letters testamentary were granted. The creditors forced E. to foreclose his mortgage, when D. B. and C. M. Bell became the purchasers of the land. The bill seeks to have the land in the hands of B. treated as charged with a trust for the payment of notes of complainant and all other creditors to the extent of the interest of John Woodburn, and asserts the right to redeem by payment of the mortgage debt to E. *Held,* that the mortgage by J. W. and J. R. W. to E. was paramount to the claims of the creditors of J. W., although their demands were made a charge on the land by his will ; that the purchasers at the sale under the decree to foreclose acquired the title of the land in the exact position it was in at the date of the mortgage, unaffected by any charge upon it by the subsequent acts of the mortgagors; that the purchasers were not chargeable with notice of the claim of creditors against the land, and that the creditors of J W., deceased, were not necessary parties to the suit to foreclose the mortgage held by E.

Appeal from the Chancery Court of *Washington* County.

Hon. E. Stafford, Chancellor.

Appellants' bill alleges that John Woodburn and John R. Woodburn purchased the land in controversy from Elliott,

and executed a mortgage to secure the purchase money,. $3,888.58. John Woodburn died in 1858, leaving a will, and,. after disposing of other property, he devised all the rest of his. estate (including his interest in these lands) to his two sons,. John R. and L. Woodburn. The former died in 1861, and. the latter succeeded to his interests. John Woodburn declared. in his will that the said estate should be "subject, however,. to and under the restrictions, conditions, reservations, and incumbrances," thereinafter mentioned, and he thereafter. expressly charges and incumbers his said residuary estate with the payment of all his debts, etc., and makes them a *lien*. thereon. The will was probated and recorded in Washington county by John R. Woodburn, his executor, in 1858. The. executor resigned in 1860. The notes held by complain- ant are six, dated April 1, 1856, and due in six, seven, eight,. nine, ten, and eleven years, each for $1,015, none of which: have been paid. Alleges that these notes were a charge on. the land ; that the executor fraudulently violated his duty by resigning ; that he has been absent most of the time since the. maturity of these notes, and that no further administration on. the estate has been had ; that there is no personal property,. and that complainant's only remedy is in chancery ; that in. 1866 Bartly Johnson & Co., creditors of decedent, enforced a. foreclosure of the mortgage held by Elliott ; that in that bill. only J. R. Woodburn and T. D. Elliott were made parties ;. that Elliott knew of complainant's claim, and should have. made him a party.

That, at the sale under the decree of foreclosure, D. B. and. C. M. Bell purchased the lands. The bill prays for a decla- ration of complainants' rights ; that a trustee be appointed to. carry into effect the trusts of the will in their behalf ; that the. different accounts be taken and they be allowed to redeem, and, after a day for payment, that the interest of John Wood- burn in the lands be sold, etc.

The defendants filed their demurrer, and state :

1. There is no equity on the face of the bill.

2. The court has no jurisdiction of the cause, as stated in complainant's bill.

3. The bill attacks collaterally the judgments, decrees, and proceedings of the probate court in a subject over which that court had complete jurisdiction.

4. The bill attacks collaterally the decree and proceedings of this court in the said cause, Bartly Johnson & Co. v. J. R. Woodburn et al., and does not make the parties to that suit parties to this suit.

5. The bill shows the complainant's claim was barred by the statute of limitations before this bill was filed, and that complainant has slept upon his rights, if any he had, until they have become too old and stale for this court to enforce.

6. Complainant's remedy, if any he hath, is full, adequate, and complete at law.

7. The bill shows that these defendants are innocent purchasers of the lands in question for a valuable consideration, without notice.

8. And for other causes, etc.

The chancellor sustained the demurrer and dismissed the bill, from which decree this appeal is taken, and this action is assigned for error.

*Wm. G. Phelps*, for appellants :

Filed an extensive written argument, and cited the following authorities : That the court has jurisdiction, see Story's Eq., §§ 332, 535 ; Story's Eq. Pl., §§ 99, 103 ; Story's Eq., §§ 975, 976, 506, 1244.  As to the right to redeem, Story's Eq. Pl., §§ 185, 186, 193 ; Story's Eq. Jur., § 1023 ; Phillips v. Hines, 33 Miss., 163 ; Abbey v. Cent. Bk., 31 Miss., 434 ; Taylor v. Rees, 44 Miss., 89 ; McRea v. Walker, 4 How., 455 ; 4 S. & M., 707 ; 29 Miss., 57 ; Nat., Story's Eq. Pl., § 193 ; Jack v. Thompson, 41 Miss., 49 ; 7 How., 127 ; 1 S. & M., 351 ; ib., 521 ; 7 ib., 85 ; 33 Miss., 382 ; 5 How., 516, 688 ; 44 Miss., 121, 293 ; 47 Miss., 543 ; Campbell v. Brow, 6 How., 106 ; Hemphill v. Hemphill, 34 Miss., 68 ; Helm et al. v. Darling, 3 Dana, 185 ; Clondas v. Adams, 4 Dana, 603 ; Grider v.

7

Payne, 9 Dana, 188 ; 4 Wharton, 455 ; Alexander *v.* McMury, 8 Watts, 504 ; Steele *v.* Henry, 9 Watts, 526 ; Story's Eq., § 552. Enforcement of express trusts : Story's Eq. Jur., § 1058 ; Rev. Code, 1871, §§ 1194, 2175 ; Templeton *v.* Tompkins, 45 Miss., 424 ; Clarke *v.* Hornethall, 47 Miss., pp. 532–534 ; Williams on Ex'rs. As to the statute of limitations : George's Dig., 479 ; Miller *v.* Trustee, etc., 5 S. & M., 651 ; Geary *v.* May, 16 Ohio, 66–80 ; Burns *v.* Wilkinson, 31 Miss., 537 ; Angell on Lim., §§ 485, 488 ; Bk. St. Ala. *v.* Dalton, 9 How. (U. S.), 522 ; McIver *v.* Ragan, 2 Wheat., 25 ; Code, 1857, art. 11 ; Benjamine *v.* Robertson, 25 Miss., 502 ; Pope *v.* Boman, 27 Miss., 194 ; French *v.* Davis, 38 Miss., 218 ; 43 Miss., 212 ; Angell on Lim., §§ 25–30, 54–63 ; 29 Miss., 57 ; Story's Eq., § 1519–20. The heirs and creditors should have been made parties to the bill to foreclose. Story's Eq. Pl., § 193 ; Story's Eq. Jur., § 427 ; Simons *v.* North, 3 S. & M., 67 ; Mony *v.* Dorsey, 7 S. & M., 15 ; 8 S. & M., 727 ; 42 Miss., 18 ; 42 Miss., 267 ; 48 ib., 549.

*S. B. Valliant*, for appellees :

The court has no jurisdiction of the case as presented. Taylor *v.* Foute, 48 Miss., 62 ; Templeton *v.* Tompkins, 45 Miss., 424 ; Code, 1857, p. 455, art. 120. The decree of the court cannot be impeached collaterally in this way. Wall *v.* Wall, 6 Cush., 409 ; 31 Miss., 578 ; Carmon *v.* Cooper, 39 Miss., 784 ; Pollard *v.* Buie, 43 Miss., 140 ; Allison *v.* Abram, 40 Miss., 747 ; Code, 1857, p. 444. As to the statute of limitations, see Code, 1857, pp. 399, 403, art. 4 ; Code, 1871, §§ 2150, 2151, 2174 ; Wood *v.* Ford, 29 Miss., 57 ; 5 S. & M., 651 ; French *v.* Davis, 38 Miss., 225.

*Frank Johnston*, on the same side :

Insisted that the court had no jurisdiction of the case, and cited Blanton *v.* King, 2 How., 856 ; Carmichael *v.* Browder, 3 How., 252 ; Hamberlin *v.* Perry, 7 How., 143 ; Powell *v.* Barris, 35 Miss., 605 ; Code, 1871, § 2151 ; 1 Story's Eq. Jur., § 64 ; Goff *v.* Robbins, 33 Miss., 153 ; Mandeville *v.* Lane, 35 Miss., 153 ; Mitchell *v.* Woodson, 37 Miss., 567 ; Edwards *v.*

McGee, 33 Miss., 143; Fox v. Wallace, ib., 660; Benson v. Stuart, 30 Miss., 49; Code, 1857, pp. 438, 439; 2 Story's Eq. Jur., § 1521; Greenfield v. Girdlestone, 2 Younge & Coll., 662.

This court will not grant relief against an innocent purchaser. Harper v. Bibb et al., 34 Miss., 472; Wyse v. Dandridge, 35 Miss., 672.

CAMPBELL, J., delivered the opinion of the court.

John Woodburn and John R. Woodburn purchased of Elliott a tract of land in Washington county, received a conveyance, and executed their notes and a mortgage on the land to secure the purchase money to Elliott. This was in 1853. John Woodburn died in 1858, leaving a will by which he devised certain property in Indiana to certain persons, and then devised the residue of his estate, including his half interest in the land in Washington county, to his sons, Leonard and John R. Woodburn, and expressly charged said residuary estate with his debts, which, the will declares, are made a lien upon said residuary estate. Leonard Woodburn died in 1861, leaving a will by which John R. Woodburn succeeded to all his interest in said land in Washington county. The will of John Woodburn was probated in Washington county and recorded in 1858, and letters testamentary granted to John R. Woodburn, who was permitted to resign his executorship in 1860.

John Woodburn and John R. Woodburn executed their six joint and several promissory notes to E. T. Bainbridge, dated 1st April, 1856, and payable six, seven, eight, nine, ten, and eleven years after date, respectively, which remain unpaid; and said Bainbridge exhibited his bill, in which he states the foregoing facts, and also that the mortgage held by Elliott for the purchase money of the land in Washington county, as aforesaid, was enforced by decree of the chancery court of said county, rendered in 1868 in a suit in which said Elliott and John R. Woodburn were parties, and at a sale ordered by said decree, and made on the 10th August, 1858, D. B. Bell and Charles M. Bell became the purchasers of said land, and received a conveyance of it.

The bill seeks to have the land in the hands of Messrs. Bell treated as charged with a trust for the payment of the said notes of complainant and all other creditors to the extent of the interest of John Woodburn, and asserts the right to redeem by payment of the mortgage debt to Elliott, and to enforce the claims of creditors of John Woodburn against said half interest in the land. It proceeds on the assumption that the decree of foreclosure of the mortgage in favor of Elliott did not affect the interest of John Woodburn or his creditors, and that, notwithstanding the decree of the court for a sale, and the sale and purchase by Messrs. Bell, the land is held by them *cum onere* the charge for the debts of the said John Woodburn. The bill charges that Elliott had notice of complainant's unpaid claims on Woodburn, and did not make him a party to his cross-bill by which he obtained his decree of foreclosure.

It is not charged that Messrs. Bell had any notice in fact of complainant's claim when they purchased. The bill prays an account, and to be permitted to redeem, and for general relief. It contains other statements not considered necessary to be stated in this opinion, as they do not affect the case in the view we take of it.

The bill was demurred to for many reasons, among which are stated, as special causes : 1st, there is no equity on the face of the bill ; and, 7th, "the bill shows that these defendants are innocent purchasers of the land  *  *  *  for a valuable consideration."

The demurrer was sustained and the bill dismissed.

We approve the decree. The mortgage by John Woodburn and John R. Woodburn to Elliott was paramount to the claims of the creditors of John Woodburn, although their demands were made a charge on the land by his will. The purchasers at the sale under the decree to enforce that mortgage acquired the title of the land in the exact position it was in at the date of the mortgage, unaffected by any charge upon it by the subsequent act of the mortgagors. The Messrs. Bell were not chargeable with notice of the claims of creditors against the land, and had a right to buy under the decree, and hold the

land free from the demands of creditors of John Woodburn, who have no rights as against said purchasers. The answer to the objection that Elliott did not make certain persons parties to his cross-bill is that he was not permitted by law to do so. The only necessary parties were before the court, viz., Elliott, the mortgagee, and John R. Woodburn, in whom was vested the entire equity of redemption, subject to a charge for debts, but one subordinate to the mortgage. It is not true, as assumed by counsel for appellant, that the purchasers under the decree for foreclosure of the mortgage claim title *under* the will of John Woodburn. They claim *over* the will, and, by virtue of their purchase, hold the land as conveyed by the mortgage made long before the will was operative. They are, therefore, unaffected by any of the provisions of the will, and there is no equity on the face of the bill as against the Messrs. Bell, who purchased the land at the judicial sale aforesaid. This view renders unnecessary the discussion of the other questions argued by counsel. It is decisive of the case in any view of the other questions.

The decree is affirmed.